**KOFOUROS et al. v. GIANNOUTSOS et al. THE MENTOR.**

No. 5869.

United States Court of Appeals
Fourth Circuit.

May 17, 1949.

Rehearing Denied July 21, 1949.

See 175 F.2d 734.

Burt M. Morewitz and J. L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on the brief) for appellants.

Roy L. Sykes and R. Arthur Jett, Norfolk, Va., for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This was a libel in admiralty filed by Greek seamen against a Greek vessel. Libellant Kofouros sought recovery of damages for refusal to grant him hospitalization when the vessel arrived at Hampton Roads and for false imprisonment. The other libellants sought to recover the wages due them at Hampton Roads when they were logged as deserters, together with the double wages provided by 46 U.S.C.A. § 596, and damages for failure to return their seamen's books. The District Judge declined to assume jurisdiction of the case of Kofouros on the ground that the controversy was one between a foreign ship and a foreign seaman where the interests of justice did not require that jurisdiction be assumed by an American court. He held, however, in the interest of an expeditious disposition of the matter, that the facts did not warrant recovery by libellants if jurisdiction were assumed. As to the other libellants he held that they were not entitled to recover. We think that in holding that there was no liability to any of libellants, he was unquestionably correct.

As to the libellant Kofouros, the judge has found on ample evidence that he was not in need of hospitalization; and it appears that he remained aboard the vessel and was subsequently paid off in full and discharged at Antwerp. On the charge of false imprisonment, it appears that he was detained aboard the vessel at the direction of the Immigration authorities. As to the other libellants, it appears that they signed on in Cardiff for a round trip voyage to the United States and return to a port

of Europe; that, notwithstanding this, they asked to be discharged at Hampton Roads and that the master agreed to discharge them there if the Immigration authorities would consent; that the Immigration authorities would not consent and the master ordered the seamen to return to the vessel, which they failed to do; that, after delaying the sailing of the vessel for six or seven hours to afford them an opportunity to return and after notifying them that they must return or be logged as deserters, the master proceeded on his voyage and logged them as deserters and thereafter deposited their seamen's books at the first port of call and the balance due on their wages with the Department of the Greek Marine Minister, as required by Greek law. That none of appellants were entitled to recover anything under the circumstances is too clear for argument.

Affirmed.